IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                          No. 10-40009-02-SAC

FRANK LEWIS, a/k/a "Red",

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's single unresolved objection to the presentence report ("PSR"). The defendant pleaded guilty to count one of the indictment that charged him with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The PSR first calculates a base offense level of 28 from the amount of marijuana and cash involved in the conspiracy. The PSR also determines the defendant to be a career offender pursuant to U.S.S.G. § 4B1.1 and subject to the base offense level of 34 and a criminal history category of six for this Chapter Four enhancement. The resulting guideline range is 188 to 235 months.

The defendant objects to the career offender enhancement

1

arguing that while the prior convictions meet the requirements of U.S.S.G. § 4B1.1 they happened "almost twenty years ago and they clearly overstate his criminal record."

The guidelines at U.S.S.G. § 4A1.2(e) direct a court to consider any prior sentence of imprisonment if "imposed within fifteen years of the defendant's commencement of the instant offense" or if "resulted in the defendant being incarcerated during any part of such fifteen-year period" regardless of when imposed. The count of conviction charged a conspiracy commencing May 24, 2009, and the fifteen-year period would reach back to May 24, 1994. At ¶ 55, the PSR summarizes a four-year custodial sentence for felonious assault that was imposed on May 26, 1992, and at ¶ 58, a sentence of four to ten years' custody for assault with intent to do great bodily harm less than murder that was imposed on May 26, 1992. The defendant was paroled on both cases in June of 2001 and then incarcerated for seven months more in December of 2001 for a parole violation. "If a defendant's probation was revoked and his total term of imprisonment exceeded one year and one month, the 'date of last release from incarceration on such sentence' determines whether his prior conviction falls within § 4A1.2(e)(1)'s window." *United States v. Patillar*,

595 F.3d 1138, 1141 (10th Cir. 2010) (citing U.S.S.G. § 4A1.2(k)(2)(B)(I)), *cert. denied*, ---S. Ct.---, 78 U.S.L.W. 3743 (Jun. 21, 2010). Thus, on the undisputed facts appearing in ¶¶ 55 and 58, the court finds that both prior sentence comes within U.S.S.G. § 4A1.2(e)(1)'s window.

The court is not persuaded by the defendant's alternative argument that the career offender status overstates the defendant's criminal history. The court first takes note that the parties have agreed that the court should impose a sentence consistent with the guidelines, that the sentence should be within the guideline range determined to be appropriate by the court, and that the defendant would not request a sentence below the low end of the guideline range. As the Tenth Circuit observed in *Patillar*, "the common notion of a career offender . . . is predicated not only on the seriousness of the offenses committed but also on how long the offender can live in freedom before committing another offense." 595 F.3d at 1141.

The defendant's prior conviction at ¶ 58 involved his firing of a handgun during a gunfight from which two individuals died, including the brother of his co-defendant Andrew Rutherford. The other prior conviction at ¶ 55 involved the defendant striking a woman with a metal chair, hitting

3

in her mouth with his fist, and kicking her head.  Both prior convictions involved serious violent conduct.

After serving more than nine years of imprisonment for these prior convictions, the defendant appears to have resumed his criminal association with Andrew Rutherford.  According to the PSR at ¶ 22, co-defendant Rutherford told a co-conspirator Hutchinson in 2009 that he had been dealing drugs with people in Arizona for the past ten years.  The defendant Lewis was arrested on the charges in this case on January 20, 2010, and released on bond on January 22, 2010.  In February of 2010, police officers in Warren, Michigan, were called to a rental storage business and shown an unlocked facility having several bags that contained suspected narcotics.  During the officers' search, a vehicle approached the facility and then quickly turned around left.  From the license plate, officers determined the vehicle was registered to the defendant and Johanna Wilson.  March 25, 2010, the defendant was arrested and charged in Michigan with delivery/manufacture of a controlled substance, 45 kilograms of marijuana.  As the record suggests, the defendant cannot live long in freedom before committing another offense.  The court concludes that the career offender enhancement does not

overstate the defendant's criminal past or his propensity toward criminal activities.

IT IS THEREFORE ORDERED that the defendant's unresolved objection and request set forth in the PSR's addendum is overruled and denied.

Dated this 2nd day of August, 2010, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge